IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01141-BNB

ANTHONY D. GOMEZ,

    Applicant,

v.

JAMES FALK, Warden, DOC, SCF, and
THE ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI,

    Respondents.

ORDER TRANSFERRING CASE

    This matter is before the Court on the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 1. Applicant is in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Applicant has filed this action to challenge a detainer placed against him by the State of Mississippi. Applicant claims he has attempted to resolve the detainer since August 16, 2013, when he filed a motion to dismiss the charges. Applicant further asserts that 180 days have passed with no response; the Circuit Court of Hancock County, Mississippi, has lost jurisdiction; and any warrants issuing from the indictment are void. Applicant seeks cancellation of the indictment. For the reasons stated below, this action will be transferred to the United States District Court for the Southern District of Mississippi, Southern Division.

    A state prisoner's challenge to a detainer lodged by a state other than the state where he currently is in custody is normally raised in a habeas corpus action filed pursuant to 28 U.S.C. § 2241. *See e.g., Galaviz-Medina v. Wooten*, 27 F.3d 487, 488

(10th Cir. 1994); *Soberanes v. Comfort*, 388 F.3d 1305 (10th Cir. 2004). Pursuant to 28 U.S.C. § 2241(a), a writ of habeas corpus may be granted by "the district courts and any circuit judge within their respective jurisdictions." The United States Supreme Court has interpreted this provision as requiring jurisdiction over the applicant's custodian "even if the prisoner himself is confined outside the court's territorial jurisdiction." *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973). The Supreme Court reached this conclusion because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Id.* at 494-95.

The proper respondent in a habeas corpus action is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). In most cases, there is "only one proper respondent to a given prisoner's habeas petition," and the proper respondent generally is "the warden of facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). However, "the immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement." *Id.* at 438. Instead, a habeas applicant "who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" *Id.* For example, the prisoner in *Braden* was serving a sentence in an Alabama prison pursuant to an Alabama conviction, but he was challenging a detainer lodged against him in Kentucky state court. *See Braden*, 410 U.S. at 486-87. The Supreme Court held in *Braden* that

2

the court issuing the writ, rather than the Alabama warden, was the proper respondent because the Alabama warden was not "the person who [held] him in what [was] alleged to be unlawful custody." *Id.* at 494-95. The Supreme Court's conclusion was supported in part by traditional venue considerations because "[i]t is in Kentucky, where all of the material events took place, that the records and witnesses pertinent to petitioner's claim are likely to be found." *Id.* at 493-94.

Applicant is serving a State of Colorado sentence in the DOC. *See* ECF No. 1 at 7; DOC website, Offender Search, www.doc.state.co.us/oss/. He names as respondents the warden of the DOC prison in which he is incarcerated and the Attorney General of the State of Mississippi. In cases decided prior to *Padilla*, lower courts relying on *Braden* "have held that where a petitioner is housed in a state other than the state where he was convicted and sentenced, the 'true custodian' is the official in the state whose indictment or conviction is being challenged." *Holder v. Curley*, 749 F. Supp.2d 644, 645-46 (E.D. Mich. 2010). Furthermore, "[d]espite the broad language in *Padilla*, district courts have continued to hold that a case properly is transferred to the jurisdiction of conviction when the petitioner is housed in another state only for the convenience of and pursuant to a contractual relationship with the state wherein the conviction was rendered." *Id.* at 646.

As a result, it appears that the warden of the state prison in Colorado in which Applicant is confined does not "exercise[] legal control with respect to the challenged 'custody.' " *Padilla*, 542 U.S. at 438. For all of these reasons, the Court finds that it is appropriate and in the interest of justice to transfer this action to a federal district court in Mississippi. Because Applicant is challenging an indictment entered in the Circuit

Court, Hancock County, Mississippi, the instant action will be transferred to the United States District Court for the Southern District of Mississippi, Southern Division.  *See* 28 U.S.C. § 104(b)(2).  Accordingly, it is

ORDERED that the Clerk of the Court transfer this action to the United States District Court for the Southern District of Mississippi, Southern Division.

DATED at Denver, Colorado, this  1st  day of    May           , 2014.

BY THE COURT:


   s/Lewis T. Babcock
  LEWIS T. BABCOCK, Senior Judge
  United States District Court