IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANTHONY D. GOMEZ, # 51980**                    **PETITIONER**

**VERSUS**                         **CIVIL ACTION NO. 1:14cv193-HSO-RHW**

**JAMES FALK and ATTORNEY
GENERAL OF THE STATE OF
MISSISSIPPI**                                                 **RESPONDENTS**

## ORDER OF DISMISSAL

BEFORE THE COURT is *pro se* Petitioner Anthony D. Gomez's Petition for Writ of Habeas Corpus [1], pursuant to 28 U.S.C. § 2241.[1] He is incarcerated with the Colorado Department of Corrections, and he challenges a detainer lodged by the State of Mississippi for a pending indictment. He seeks dismissal of the Mississippi criminal proceedings. Gomez originally filed this habeas action in the District of Colorado on April 22, 2014. That court transferred the case to this Court on May 1, 2014. The Court has considered and liberally construed the pleadings. For the reasons set forth below, this case should be dismissed.

### I. BACKGROUND

Gomez alleges that the Mississippi detainer arises from a 2003 indictment in Hancock County for possession of cocaine. On August 16, 2013, he filed a "Motion for Dismissal of Charges," with the Hancock County Circuit Court. Pet. [1] at 13. In this motion, he claimed the charge was over 11 years old, and he asked for a

---

[1] Although Gomez completed a form 28 U.S.C. § 2254 petition, this action arises under § 2241 because Gomez challenges a pending State criminal charge.

"speedy disposition pursuant to . . . the Interstate Detainers Act." *Id.* at 10. Gomez asserts that the state court lost jurisdiction to criminally prosecute him "due to time" and since he was not given a speedy disposition on his motion to dismiss. *Id.* at 5. Gomez asks this Court to dismiss the indictment with prejudice. Construed liberally, Gomez invokes his right to a speedy trial as well as the Interstate Agreement on Detainers Act, 18 U.S.C. app. 2.

## II. <u>DISCUSSION</u>

Mississippi is not a party to the Interstate Agreement on Detainers; therefore, it is inapplicable to this case. *Robinson v. United States*, 580 F.2d 783, 784 (5th Cir. 1978); *Smothers v. State*, 741 So. 2d 205, 206 (¶6) (Miss. 1999). This leaves Gomez's speedy trial claim for resolution. Absent "special circumstances," federal habeas corpus is not available "to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). An exception is drawn based on the type of relief sought by the petitioner. *Brown v. Estelle*, 530 F.2d 1280, 1282-83 (5th Cir. 1976). The distinction is "between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial process' by litigating a speedy trial defense . . . prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987) (quoting *Brown*, 530 F.2d at 1283). This Court is without authority to abort the State criminal trial. *Id.* On the other hand, a federal court "may generally consider a habeas petition for

2

pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him." *Green v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988).

Gomez asks that the State court indictment be dismissed with prejudice. Since federal habeas corpus relief is not available to abort the State criminal proceedings here, this case should be dismissed without prejudice.

### III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the foregoing reasons, this case should be **DISMISSED WITHOUT PREJUDICE**. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 13th day of May, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE